IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAVE MORE FOOD MARKETS, INC.,

                Plaintiff,

  v.                                                           ORDER

WISCONSIN DEPARTMENT OF                       16-cv-447-jdp
TRANSPORTATION,

                Defendant.

---

This is an inverse condemnation case in which plaintiff Save More Food Markets, Inc. alleges that defendant Wisconsin Department of Transportation (DOT) has taken two driveways that provided public access to Save More's commercial property. Save More sued in state court, seeking an order requiring DOT to begin condemnation proceedings and pay Save More just compensation for its property.

DOT removed the case to this court on June 24, 2016. Dkt. 1. According to DOT, Save More has alleged a Fifth and Fourteenth Amendment Takings Clause claim, over which the court would have subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Dkt. 1, ¶¶ 2, 4. DOT also contends that the court can exercise supplemental jurisdiction over Save More's state law claims pursuant to 28 U.S.C. § 1367, because they are part of the same case or controversy. *Id.* ¶¶ 2, 5.

In preparing for an upcoming Preliminary Pretrial Conference, the parties have submitted a joint pretrial report. Dkt. 5. Among other things, the report includes a brief summary of how the parties envision scheduling the case. Based on this submission, the court will direct the parties to address whether there is a basis from which to exercise subject matter jurisdiction over this case.

The parties propose a bifurcated case: phase one will address whether a compensable taking has occurred for purposes of state law; assuming that a taking has occurred, phase two will address the compensation to which Save More is due. But the parties disagree about where the federal takings claim fits into this case. Save More contends that the claim is not yet ripe because it has not yet exhausted its state remedies (i.e., the state law inverse condemnation claims that it is pursuing in this case). *Id.* at 2-3. Defendants appear to disagree (although they do not come right out and say so), contending that it would be proper to address the federal takings claim during the first phase of the litigation. *Id.* at 3.

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). As the party invoking federal jurisdiction, DOT bears the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009).

"[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985). This means that a federal takings claim is not ripe until "(1) the regulatory agency has had an opportunity to make a considered definitive decision, and (2) the property owner exhausts available state remedies for compensation." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (citing *Williamson*, 473 U.S. at 193-94); *see also Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 958 (7th Cir. 2004) ("Takings involving

physical invasions . . . are subject to a more streamlined inquiry. We have held that a physical invasion constitutes a 'final decision' and thus satisfies *Williamson County*'s first requirement. Therefore, this type of takings claim is subject only to *Williamson*'s exhaustion requirement." (citations and internal quotation marks omitted)). Because federal courts have subject matter jurisdiction over takings claims only when a plaintiff has satisfied *Williamson*'s exhaustion requirements, the court must address this issue at the outset of the case. *Patel v. City of Chicago*, 383 F.3d 569, 573 (7th Cir. 2004).

At this point, the parties have presented the issue of ripeness only indirectly, through their pretrial conference report. The court will therefore direct the parties to brief whether Save More's federal takings claim is ripe for adjudication and whether there is a basis from which the court can exercise subject matter jurisdiction over this case. If the parties determine that federal jurisdiction is not present, then they should stipulate to remand this case to state court.

ORDER

IT IS ORDERED that defendant Wisconsin Department of Transportation may have until July 26, 2016, to file a brief addressing whether the court can exercise subject matter jurisdiction over this case. Plaintiff Save More Food Markets, Inc. may have until August 2, 2016, to respond to defendant's brief.

Entered July 18, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3