IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAVE MORE FOOD MARKETS, INC.,

                Plaintiff,

v.                                                      ORDER

WISCONSIN DEPARTMENT OF                         16-cv-447-jdp
TRANSPORTATION,

                Defendant.

---

    Plaintiff Save More Food Markets, Inc. began this case in state court in June 2014, alleging state law claims against defendant Wisconsin Department of Transportation (the DOT). The parties' dispute arises out of the DOT's decision to install curbs and gutters across two driveways that provided access to a highway from Save More's property. Save More initially asserted an inverse condemnation claim, pursuant to Wis. Stat. § 32.10, seeking a court order requiring the DOT to begin condemnation proceedings and pay Save More for the alleged taking. In June 2016, Save More amended its complaint to include a takings claim under the Wisconsin Constitution and a takings claim under the U.S. Constitution. The DOT removed the case to this court, contending that Save More's amended complaint raised a federal question and established subject matter jurisdiction under 28 U.S.C. § 1331.

    Shortly after the DOT removed the case, the court sua sponte directed the parties to address whether there is, in fact, a basis for exercising subject matter jurisdiction. Dkt. 7. The court observed that under *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the

regulations has reached a final decision regarding the application of the regulations to the property at issue." 473 U.S. 172, 186 (1985). Because Save More had not exhausted its state remedies (the state law claims that Save More alleges in this case *are* the state remedies), the court indicated that Save More's federal takings claim did not appear to be ripe.

The parties have responded to the court's order. Dkt. 9 and Dkt. 10. After reviewing these responses, the court concludes that Save More's federal takings claim is not ripe, and so there is no basis from which to exercise subject matter jurisdiction over this case. Thus, the court will remand the case to state court.

The DOT removed this case and therefore bears the burden of proving that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). According to the DOT, *Williamson County* refers only to prudential ripeness considerations, rather than to the "case or controversy" requirements that Article III imposes. The DOT argues that the court therefore "has the discretion to exercise jurisdiction over the case." Dkt. 9, at 2. Save More agrees with the DOT's analysis of *Williamson County*. Dkt. 10, at 3-4. But "the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement." *Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015).

The Supreme Court has clarified that *Williamson County* creates "two independent prudential hurdles to a regulatory takings claim brought against a state entity in federal court." *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 733-34 (1997). But the fact that these hurdles are prudential, rather than constitutional, does not mean that the court can hear this case. In fact, the Seventh Circuit has squarely held to the contrary, recognizing that "[t]he prudential character of the *Williamson County* requirements do not . . . give the lower

federal courts license to disregard them." *Peters v. Village of Clifton*, 498 F.3d 727, 734 (7th Cir. 2007); *see also Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 957-58 (7th Cir. 2004) ("We have subject matter jurisdiction over only those takings claims for which the *Williamson County* requirements are satisfied or otherwise excused."). Other federal district courts in Wisconsin have reached this result as well. *See, e.g., Del-Prairie Stock Farm, Inc. v. County of Walworth*, 572 F. Supp. 2d 1031, 1034 (E.D. Wis. 2008) ("[T]he *Williamson County* state litigation requirement is unavoidable, and because it has not been satisfied, I have no jurisdiction over plaintiff's federal claims. Under these circumstances, the fairest course of action is to remand the case to state court.").

Neither party disputes that Save More has not yet exhausted its state remedies. Thus, pursuant to *Williamson County* and the other cases cited above, Save More's federal takings claim is not ripe for review. The court will remand this case to the Wisconsin Circuit Court for Oneida County.

Save More contends that if the court remands this case, then it should also award Save More the costs and fees that it incurred as a result of the DOT's removal, pursuant to 28 U.S.C. § 1447(c). The court has discretion to award fees, and "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the DOT had a reasonable, although ultimately incorrect, basis for removing the case: Save More's complaint expressly alleged a claim arising under federal law. And Save More *agreed* with the DOT's analysis of the jurisdictional issue, which further

suggests that the DOT's removal was reasonable. Under these circumstances, the court will deny Save More's request for attorney fees.

ORDER

IT IS ORDERED that:

1. Pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Wisconsin Circuit Court for Oneida County.

2. Plaintiff Save More Food Markets, Inc.'s request for attorney fees, Dkt. 10, is DENIED.

3. The clerk of court is directed to return the record of this case to the state court.

Entered August 2, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge